

August 6, 2023

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re:    Miller v. 4Internet, LLC, 22-16195
          Notice of Supplemental Authority Pursuant to FRAP 28(j)

Dear Hon. Clerk Dwyer:

Appellee 4Internet, LLC submits this pursuant to FRAP 28(j).  On July 17, 2023, this Court issued an opinion in Hunley v. Instagram, LLC, No. 22-15293. Both parties to this appeal identified Hunley as a related case involving substantially the same issues.  Those issues are the application and continued viability of the circuit's "server test."

Not only did the Hunley Court reaffirm the "server test" articulated in Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146 (9th Cir. 2007), but it resolved the argument that posited by Appellant Miller in which he asserted that the "server test" is in conflict with the Supreme Court's decision in American Broadcasting Companies, Inc. v. Aereo, 573 U.S. 431 (2014).

In Aereo, considering a different provision of the Copyright Act (the performance right) than applicable both here and in Hunley (the display right), the Supreme Court said that "it is the practical, functional perspective of the public viewer, and not hyper technicalities, that must determine whether a particular mode of content or delivery system is infringing or not." Hunley Op. at 27 citing Aereo.

Essentially, Appellant Miller's position is that applying Aereo's user perspective rationale to the technical aspects that underlie the "server test" this Court should find that the "server test" is clearly irreconcilable with Aereo.



Molly C. Dwyer
Clerk of the Court
August 8, 2023
Page 2
_____

After carefully considering all of the arguments raised by Hunley and amicus, the
Hunley Court concluded that "user perception is relevant to the fixation
requirement—as mandated by the Copyright Act—but not determinative as to
whether the display right has been infringed. Thus, the user perception analysis is
not "clearly irreconcilable" with intervening authority." Hunley Op. at 32.

Thus, the Hunley decision is dispositive.

Respectfully submitted,

*/s/ Ryan Isenberg*

Ryan L. Isenberg
Counsel for Appellee 4Internet, LLC

cc:  All counsel of record via CM\ECF