No. 22-16195

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

ROBERT MILLER,

*Plaintiff-Appellant,*

v.

4INTERNET, LLC,

*Defendant-Appellee.*

---

On Appeal from the United States District Court
for the District of Nevada
Hon. Jennifer A. Dorsey
No. 2:18-cv-02097

---

**MOTION TO STAY ALL PROCEEDINGS AND VACATE ORAL
ARGUMENT**

---

Mathew K. Higbee
Ryan E. Carreon
Naomi M. Sarega
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite 112
Santa Ana, California 92705
Tel: 714-617-8336
mhigbee@higbee.law
rcarreon@higbee.law
nsarega@higbee.law

*Attorneys for Plaintiff-Appellant Robert Miller*

**INTRODUCTION**

Appellant Robert Miller ("Miller") moves this Court to stay the appellate proceedings in this case[1] and to vacate the forthcoming oral argument until the resolution of *Hunley, et al v. Instagram, LLC,* 9th Cir. 22-15293. Both parties to this appeal have identified *Hunley* as a related case involving substantially the same issues raised in this appeal. *Hunley* presents a question identical to that presented in this appeal, that is: whether this Circuit's "server test" articulated in *Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146 (9th Cir. 2007) remains good law or has been effectively overruled by the Supreme Court's decision in *American Broadcasting Companies, Inc. v. Aereo*, 573 U.S. 431 (2014).

After the "server test" was announced in 2007, it lay dormant for over a decade with no court in this Circuit having directly addressed its holding. After the Supreme Court announced its decision in *Aereo*, numerous out-of-circuit district courts questioned the continued viability of the "server test." *See, e.g. Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585, 587 (S.D.N.Y. 2018); *Leader's Inst., LLC v. Jackson*, 2017 U.S. Dist. LEXIS 193555, at *32 (N.D. Tex. Nov. 22, 2017); *Nicklen v. Sinclair Broad. Grp., Inc*., 551 F. Supp. 3d 188, 191 (S.D.N.Y. July 30, 2021).

In 2021, Miller and Appellee 4Internet, LLC ("4Internet") filed cross-motions for summary judgment as to Miller's copyright infringement claim. At issue was the application and continued viability of the "server test" in light of *Aereo*. At the time the summary judgment briefing was completed, no district or appellate decision in this Circuit had occasion to consider whether *Aereo* had effectively overruled the "server test." After the summary judgment motions were briefed but before a decision was

---

[1] Miller does not seek to stay proceedings in the related appeal *Miller v. 4Internet*, 9th Cir. 23-15102 as that appeal involves separate parties and legal issues.

rendered, the district court in *Hunley* released a decision affirming the "server test" as not in conflict with *Aereo* and encouraging the *Hunley* plaintiffs to "present th[eir] arguments to the Ninth Circuit." *Hunley v. Instagram, LLC*, 2022 U.S. Dist. LEXIS 18036, at \*5 (N.D. Cal. Feb. 1, 2022).

The *Hunley* plaintiffs subsequently appealed to this Court, and the appeal was docketed on March 1, 2022. Declaration of Ryan E. Carreon ("Carreon Decl."), Exhibit A at Dkt. #1. On March 21, 2022, Miller sought a stay of the District Court proceedings until the *Hunley* appeal was decided. *See* Excerpts of Record ("ER") 265, 284. On July 5, 2022, the District Court denied Miller's request for a stay and entered summary judgment in favor of 4Internet. ER-265-271. Miller filed a Notice of Appeal on August 4, 2022. ER-259-263.

Subsequently, the *Hunley* appeal was briefed, argued, and submitted for decision on February 6, 2023. Carreon Decl., Exhibit A at Dkt. #55. Concurrently, Miller's appeal was fully briefed on March 14, 2023 with oral argument scheduled to occur in October 2023. *See* Carreon Decl., Exhibit B at Dkt. #28-31.

On July 17, 2023, the panel in *Hunley* released its decision affirming the "server test" on the basis that the three-judge panel was powerless to overrule the prior precedent set forth in *Perfect 10* and that *en banc* review was the sole mechanism to do so. *Hunley v. Instagram, LLC*, 73 F.4th 1060, \*38 (9th Cir. 2023) ("If Hunley disagrees with our legal interpretation—either because our reading of *Perfect 10* is wrong or because *Perfect 10* itself was wrongly decided—Hunley can petition for *en banc* review to correct our mistakes."). Indeed, the panel all but invited the *Hunley* appellant to do just that noting that *Perfect 10* "did not address the precise arguments [appellants] now press" and noting that "in retrospect, [] *Perfect 10* created some inconsistencies with other provisions of the Copyright Act." *Id.* at 1072.

2

After the *Hunley* decision was released, 4Internet filed a Notice of Supplemental Authority Pursuant to FRAP 28(j) on August 8, 2023. Carreon Decl., Exhibit B at Dkt. #33. In its Notice, 4Internet noted that "[b]oth parties to this appeal identified *Hunley* as a related case involving substantially the same issues," and that "the *Hunley* decision is dispositive." *Ibid*.

On August 28, 2023, the *Hunley* appellants filed a petition for rehearing *en banc*. Carreon Decl., Exhibit A at Dkt. #61.

Given that both Miller and 4Internet agree as to the dispositive nature of the decision in *Hunley* Miller now moves this Court to stay all further proceedings and to vacate the forthcoming oral argument until the appeal in *Hunley* is finally resolved.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power to stay proceedings includes the discretion to grant stays "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

Because the sole legal issue being litigated in the *Hunley* appeal is identical to the central issue to this case, judicial economy would be served by a stay. The entirety of this case has mirrored the outcome in *Hunley*. After the parties' cross-motions for summary judgment had been briefed, the district court in *Hunley* released its decision opining that the "server test" remained good law. *See Hunley v. Instagram, LLC*, 2022 U.S. Dist. LEXIS 18036, at \*5 (N.D. Cal. Feb. 1, 2022). Shortly thereafter, the District Court in this matter made an identical ruling and concluded its decision by directly quoting from *Hunley* and encouraging Miller to "present these

3

arguments to the Ninth Circuit." *Miller v. 4Internet, LLC*, 2022 U.S. Dist. LEXIS 117576, *8 (quoting *Hunley v. Instagram, LLC*, 2022 U.S. Dist. LEXIS 18036 (N.D. Cal. Feb. 1, 2022)).

During the briefing of this appeal, both parties identified *Hunley* as a related case pursuant to Ninth Circuit Rule 28-2.6(b). In its Responding Brief, 4Internet conceded that a significant portion of its arguments "are largely taken, with permission, from briefs filed in *Hunley v. Instagram*" and that "[t[he primary issue in both cases is identical." Carreon Decl., Exhibit B at Dkt. #17, Fn. 4. After the panel decision in *Hunley* was released, 4Internet filed a Notice of Supplemental Authority Pursuant to FRAP 28(j) and noted that "[b]oth parties to this appeal identified *Hunley* as a related case involving substantially the same issues," and that "the *Hunley* decision is dispositive." Carreon Decl., Exhibit B at Dkt. #33.

If a stay is not granted the panel tasked with deciding this case would be bound to follow *Hunley* as it currently stands. Should *en banc* review be granted and *Hunley* ultimately be reversed, such an outcome would be unfairly prejudicial to Miller and would lead to additional unnecessary litigation to undo the decision.

In contrast, neither party would be prejudiced by waiting to see how Hunley ultimately resolves. If *en banc* review in *Hunley* is denied, then most, if not all of the issued raised on this appeal can be summarily decided under *Perfect 10* and *Hunley*. If *en banc* review is granted, the subsequent result will have a direct impact on the merits of this case.

Given the interwoven nature of the legal issues presented in both cases and that fact that *Hunley* is much farther along in the appellate process a stay of these proceedings pending the outcome of *Hunley* would promote judicial economy.

/ / /

/ / /

4

## CONCLUSION

For the foregoing reasons, Appellant Robert Miller would respectfully request that this Court stay all appellate proceedings in this case and vacate the forthcoming oral argument until the resolution of the related case *Hunley, et al v. Instagram, LLC,* 9th Cir. 22-15293.

Dated: August 31, 2023                    Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile

## DECLARATION OF RYAN E. CARREON

I, Ryan E. Carreon, declare as follows:

1.      I am over the age of 18 years old. I am an attorney at law admitted to practice in the Ninth Circuit Court of Appeals. I have personal knowledge of all matters stated herein, and if called as a witness, I could and would competently testify thereto.

2.      I am the attorney for Plaintiff/Appellant Robert Miller.

3.      Both parties to this appeal have identified *Hunley, et al v. Instagram, LLC,* 9th Cir. 22-15293 as a related case involving substantially the same issues raised in this appeal.

4.      In 2021, Miller and Appellee 4Internet, LLC ("4Internet") filed cross-motions for summary judgment as to Miller's copyright infringement claim. At issue was the application and continued viability of the Ninth Circuit's "server test" in light of the Supreme Court's decision in *American Broadcasting Companies, Inc. v. Aereo*, 573 U.S. 431 (2014).

5.      At the time the summary judgment briefing was completed, no district or appellate decision in this Circuit had occasion to consider whether *Aereo* had effectively overruled the "server test."

6.      After the summary judgment motions were briefed but before a decision was rendered, the district court in *Hunley* released a decision affirming the "server test" as not in conflict with *Aereo* and encouraging the *Hunley* plaintiffs to "present th[eir] arguments to the Ninth Circuit." *Hunley v. Instagram, LLC*, 2022 U.S. Dist. LEXIS 18036, at \*5 (N.D. Cal. Feb. 1, 2022).

7.      The *Hunley* plaintiffs subsequently appealed to this Court, and the appeal was docketed on March 1, 2022. 9th Cir. 22-15293 at Dkt. #1.

8.      Submitted herewith as Exhibit A is a true and correct copy of the docket

for *Hunley, et al v. Instagram, LLC,* 9th Cir. 22-15293.

9.  On March 21, 2022, Miller sought a stay of the District Court proceedings until the *Hunley* appeal was decided. *See* Excerpts of Record ("ER") 265, 284.

10.  On July 5, 2022, the District Court denied Miller's request for a stay and entered summary judgment in favor of 4Internet. ER-265-271.

11.  Miller filed a Notice of Appeal on August 4, 2022. ER-259-263.

12.  Submitted herewith as Exhibit B is a true and correct copy of the docket in this matter.

13.  Subsequently, the *Hunley* appeal was briefed, argued, and submitted for decision on February 6, 2023.

14.  Concurrently, Miller's appeal was fully briefed on March 14, 2023 with oral argument scheduled to occur in October 2023.

15.  On July 17, 2023, the panel in *Hunley* released its decision affirming the "server test" on the basis that the three-judge panel was powerless to overrule the prior precedent set forth in *Perfect 10* and that *en banc* review was the sole mechanism to do so.

16.  After the *Hunley* decision was released, 4Internet filed a Notice of Supplemental Authority Pursuant to FRAP 28(j) on August 8, 2023.

17.  In its Notice, 4Internet noted that "[b]oth parties to this appeal identified *Hunley* as a related case involving substantially the same issues," and that "the *Hunley* decision is dispositive."

18.  On August 28, 2023, the *Hunley* appellants filed a petition for rehearing *en banc*.

/ / /

/ / /

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 28, 2023, at Wilmington, Delaware.

/s/ **Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: August 31, 2023                     Respectfully submitted,

                                          **/s/ Ryan E. Carreon**
                                          Ryan E. Carreon, Esq.
                                          Cal. Bar No. 311668
                                          **HIGBEE & ASSOCIATES**
                                          1504 Brookhollow Dr., Ste 112
                                          Santa Ana, CA 92705-5418
                                          (714) 617-8336
                                          (714) 597-6559 facsimile