Case No. 22-16195

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBERT MILLER

              Plaintiff-Appellant,

VS.

4INTERNET, LLC

              Defendant-Appellee

_____

Appeal from the United States District Court
For the District of Nevada
Hon. Jennfier A. Dorsey
Case No. 2:18-cv-2907

**RESPONSE IN OPPOSITION TO APPELLANT'S MOTION TO STAY**

        Ryan L. Isenberg
        Isenberg & Hewitt, P.C.
        600 Embassy Row, Suite 150
        Atlanta, GA 30328
        770-351-4400 (Voice)
        770-828-0100 (Fax)

        Attorney for Appellee 4Internet, LLC

## RESPONSE

Appellant has somewhat misconstrued 4Internet's position. 4Internet agreed that if *Hunley* was decided in favor of Instagram, that such a determination is dispositive as to the issues raised in this appeal. 4Internet further agreed that complete abandonment of the server test either en banc, or possibly by the Supreme Court, would also be dispositive as that issue on appeal. However, Hunley sought en banc review to limit the server test to search engines. Because 4Internet is a search engine, the scope of en banc review would have absolutely no effect on the instant appeal.

In *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) cited by the Appellant in his motion, the Supreme Court, after allowing that Courts had the authority to stay proceedings went on to require the party seeking a stay to

> make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

Other than citing *Landis* for the proposition that the Court has the authority to stay a case, Appellant cites no authority, controlling or persuasive, that dictates or suggests that a stay before oral argument is appropriate.

4Internet has been a defendant in a pending case for nearly five years. Just being a party to a case impacts 4Internet's ability to make strategic decisions about

1

its path of its business operations. In addition, 4Internet has obtained a judgment for attorney's fees in this case. That portion of the judgment is not on appeal and there is no bond leaving 4Internet prejudiced if this Court were to delay the proceedings indefinitely.

Oral argument is still scheduled in 23-15102 and there is no reason not to have the argument in this case go forward. Whatever may or may not happen with en banc review, followed by a possible certiorari petition to the Supreme Court, as of now Appellant seems to concede that under the law of this circuit, the judgment would have to be affirmed. The mere possibility that an en banc Court may or may not accept the case, which will not likely have been decided by October 4 when this case is scheduled to be heard, is not justification for a stay. If anything, this Court should hear the case and have the arguments submitted and stay the issuance of an opinion pending the outcome of the petition for en banc review.

In addition, though 4Internet was hopeful that this case would have been heard at the same time as Hunley, 4Internet should be afforded the possibility that if en banc review is granted in Hunley, then this Court can affirm the judgment and Appellant can file a petition for en banc review and this case may then be consolidated with Hunley for argument allowing 4Internet the opportunity to present its own arguments rather than rely on those asserted by Instagram.

## CONCLUSION

4Internet opposes the motion to stay oral argument the request for which is not based on any substantial justification and should be denied.

Dated: September 7, 2023.  Respectfully submitted,

/s/ Ryan L. Isenberg
Ryan L. Isenberg
Isenberg & Hewitt, P.C.
1200 Altmore Avenue, Suite 120
Sandy Springs, Georgia 30342
770-351-4400 (Voice)
770-828-0100 (Fax)

Attorney for Appellee 4Internet, LLC